IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2130-D

NEHEMIAS SAMAYOA, )
)
    Petitioner, )
)
v. ) **ORDER**
)
WARDEN LEU, )
)
    Respondent. )

Nehemias Samayoa, a federal inmate proceeding pro se, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. See Pet. [D.E. 1]; Mem. Supp. [D.E. 1-1]; Decl. [D.E. 1-2]; Exs. [D.E. 1-3]. Samayoa argues that he is entitled to have the Bureau of Prisons apply his earned sentence credits, rendering him eligible for placement in a residential reentry center. See [D.E. 1] at 6–7; [D.E. 1-1]. Samayoa moves for a preliminary injunction or temporary restraining order [D.E. 2].

Samayoa seeks a preliminary injunction granting him the relief he seeks in his habeas petition. See [D.E. 2]. The court has considered the motion under the governing standard. See, e.g., Benisek v. Lamone, 585 U.S. 155, 158 (2018) (per curiam); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Centro Tepeyac v. Montgomery Cnty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc). Samayoa has not plausibly alleged that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, the court denies the motion.

As for Samayoa's petition, the court now conducts its preliminary review. See 28 U.S.C. § 2243. It does not clearly appear from the face of the petition that Samayoa is not entitled to relief. The clerk shall maintain management of the action and serve respondent with the petition. The court DIRECTS respondent to address whether the instant petition is an abuse of the writ. See 28 U.S.C. § 2244(a); McCleskey v. Zant, 499 U.S. 467, 494 (1991) abrogated on other grounds by Banister v. Davis, 590 U.S. 504, 510 (2020); Beras v. Johnson, 978 F.3d 246, 252 (5th Cir. 2020); Lenegan v. Bolster, No. 3:19-CV-221, 2020 WL 572715, at *7–8 (E.D. Va. Feb. 5, 2020) (unpublished); Howze v. Ratldege, No. 5:15-HC-2001, 2016 WL 427078, at *3–4 (E.D.N.C. Feb. 3, 2016) (unpublished).

In sum, the court DENIES petitioner's motion for injunctive relief [D.E. 2]. The action is allowed to proceed. The clerk shall maintain management of the action and serve respondent with the petition. Respondent shall address whether the petition is subject to dismissal for abuse of the writ.

SO ORDERED. This 8 day of September, 2025.

*A-Dever*
JAMES C. DEVER III
United States District Judge