IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2130-D

| | | |
|---|---|---|
| NEHEMIAS SAMAYOA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN LEU, | ) | |
| | ) | |
| Respondent. | ) | |

On June 9, 2025, Nehemias Samayoa ("Samayoa" or "petitioner"), a federal inmate proceeding pro se, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1], and moved for a preliminary injunction or temporary restraining order [D.E. 2]. On September 9, 2025, the court conducted a preliminary review under 28 U.S.C. § 2243, allowed the petition to proceed, and denied Samayoa's motion for injunctive relief [D.E. 5]. On October 2, 2025, Warden Leu ("respondent") moved to stay the case [D.E. 10]. Samayoa appealed the September 9, 2025 order denying his motion for a preliminary injunction [D.E. 11]. On October 8, 2025, the court granted in part respondent's motion to stay the case and directed the clerk to stay the case during the pendency of the appeal [D.E. 14]. On November 5, 2025, Samayoa notified the court that he filed a motion to voluntarily dismiss his appeal [D.E. 15]. On November 7, 2025, the Fourth Circuit granted Samayoa's motion to voluntarily dismiss his appeal and issued its mandate. [D.E. 16, 17]. On December 2, 2025, the court directed the clerk to reopen the case [D.E. 18].

On December 18, 2025, respondent moved to dismiss the petition [D.E. 19] and filed a memorandum in support [D.E. 20]. The court notified Samayoa about respondent's motion, the

consequences of failing to respond, and the response deadline [D.E. 21]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On January 8, 2026, Samayoa responded in opposition to respondent's motion to dismiss [D.E. 22] and filed a motion for summary judgment [D.E. 23] and a motion to take judicial notice [D.E. 24]. On July 20, 2026, the Bureau of Prisons ("BOP") released Samayoa. BOP Inmate Locator, https://www.bop.gov/inmateloc/ (search by register number 74888-007) (last visited Aug. 5, 2026). As explained below, the court dismisses the petition as moot.

I.

On February 6, 2017, in the United States District Court for the District of Columbia, Samayoa pleaded guilty to one count of transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a), and one count of rape second degree in violation of CR-33-304 of the criminal law article against the peace, government and dignity of the State of Maryland. See Plea Agreement, United States v. Samayoa, No. 1:16-CR-115 (D.D.C. Feb. 6, 2017), [D.E. 17] 1. On October 3, 2017, the court sentenced Samayoa to 156 months' imprisonment and 120 months of supervised release. See Judgment, United States v. Samayoa, No. 1:16-CR-115 (D.D.C. Feb. 6, 2017), [D.E. 36] 2–3.

Samayoa argues that the BOP is improperly refusing to apply his earned First Step Act ("FSA") credits toward prerelease custody because he has an immigration detainer. See [D.E. 1] 6; [D.E. 1-1] 2–3. Samayoa seeks immediate release to a residential reentry center ("RRC") or home confinement. [D.E. 1] 7.

A live case or controversy must exist through all stages of a federal judicial proceeding. See Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 160 (2016); Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78 (1990). A case or controversy no longer exists "when the issues presented are

no longer live or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 568 U.S. 85, 90–91 (2013) (quotation omitted). The court lacks jurisdiction if there is no longer a live case or controversy. See U.S. Const. art. III, § 2; Already, LLC, 568 U.S. at 91; Powell v. McCormack, 395 U.S. 486, 496 (1969); Lancaster v. Sec'y of Navy, 109 F.4th 283, 288–89 (4th Cir. 2024). A federal court may raise mootness sua sponte "at any stage of proceedings." United States v. Springer, 715 F.3d 535, 540 (4th Cir. 2013); see North Carolina v. Rice, 404 U.S. 244, 246 (1971).

On July 20, 2026, the BOP released Samaoya. Thus, the court cannot shorten his imprisonment term. See United States v. Davis, 177 F.4th 549, 550–51 (4th Cir. 2026). Moreover, FSA credits "cannot . . . shorten a term of supervised release." Dandridge v. United States, No. 3:22-CV-647, 2023 WL 4137470, at *1 (E.D. Va. June 22, 2023) (unpublished) (cleaned up); see Palacio v. Sullivan, 814 F. App'x 774, 775 (4th Cir. 2020) (per curiam) (unpublished); Sinani v. Warden FCI Edgefield, No. 2:23-CV-3624, 2024 WL 3862662, at *3 (D.S.C. June 20, 2024) (unpublished) (collecting cases), report and recommendation adopted, 2024 WL 3861554 (D.S.C. Aug. 19, 2024) (unpublished); Raley v. Warden of FCI Cumberland, No. 1:23-CV-2845, 2024 WL 3090461, at *2 (D. Md. June 20, 2024) (unpublished). Accordingly, Samoya's petition is moot, and the court dismisses the action without prejudice for lack of jurisdiction.

II.

In sum, the court DISMISSES WITHOUT PREJUDICE petitioner's application for a writ of habeas corpus [D.E. 1] for lack of jurisdiction, DENIES AS MOOT respondent's motion to dismiss [D.E. 19], and petitioner's motions for summary judgment [D.E. 23] and to take judicial notice [D.E. 24], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 6 day of August, 2026.

J. Dever

JAMES C. DEVER III
United States District Judge